## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:08CR00041 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CHARLES JERMAINE KING, JR.**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Thomas E. Wray, Roanoke, Virginia, for Defendant.*

The defendant, Charles Jermaine King, Jr., was charged in this court along with others with conspiring to posses with the intent to distribute and to distribute cocaine. By order entered September 12, 2008, the charge against him was dismissed because the government had violated the "anti-shuttling" provision of the Interstate Agreement on Detainers Act. The government did not contest its technical violation of the Act in the defendant's case, but requested that any dismissal permit a reprosecution of the defendant. Over the defendant's objection, I agreed and dismissed the indictment as it pertained to the defendant without prejudice. *See United States v. Jones*, No. 1:08CR00024-51, 2008 WL 4279963 (W.D. Va. Sept. 12, 2008) (stating the reasons for dismissal without prejudice in the case of King's

codefendant Travis Dell Jones, who made an identical motion to dismiss based on the same violation of the anti-shuttling provision).

The defendant filed a notice of appeal from the court's order of dismissal on September 16. On September 24, the government obtained a new indictment from the grand jury, charging the defendant with the same crime. The defendant thereafter filed the present Motion to Dismiss Indictment for Lack of Jurisdiction, contending that because of the pending appeal, this court has no jurisdiction to entertain the prosecution.

The appeal is premature. *See Parr v. United States*, 351 U.S. 513, 517 (1956) (holding that a defendant cannot immediately appeal an order dismissing an indictment without prejudice, but rather "[t]he testing of the effect of the dismissal order must abide [the defendant's] trial, and only then, if convicted, will he have been aggrieved"); *United States v. Lanham*, 631 F.2d 356, 357-58 (4th Cir. 1980) (same). Because the present appeal is defective, this court did not lose jurisdiction over the prosecution. *See United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979) (en banc) (holding that filing a notice of appeal from a nonappealable order does not divest the district court of jurisdiction), *superseded by statute on other grounds as recognized in United States v. Martinez*, 763 F.2d 1297, 1308 (11th Cir. 1985); *Waterson v. Hall*, 515 F.3d 852, 855 (8th Cir. 2008) (same).

For these reasons, it is **ORDERED** that the Motion to Dismiss (#22) is DENIED.

>ENTER: October 31, 2008
>
>/s/ JAMES P. JONES
>Chief United States District Judge

- 3 -

Case 1:08-cr-00041-JPJ-RSB   Document 36   Filed 10/31/08   Page 3 of 3   Pageid#: 139