# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) Case No. 1:08CR00041 |
| | ) |
| v. | ) |
| | ) **OPINION** |
| | ) |
| **CHARLES JERMAINE KING,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*Charles Jermaine King, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2009). In his Motion, he alleges, among others, claims of double jeopardy, conflict of interest, ineffective assistance of counsel, knowing use of perjured testimony, and denial of witnesses. Upon review of the motion and court records, I find that the § 2255 motion must be dismissed without prejudice because the defendant's direct appeal is pending.

Defendant Charles Jermaine King was charged in a one-count indictment on May 28, 2008 with conspiring to possess with intent to distribute and to distribute 50 grams or more of crack cocaine. By order entered September 12, 2008, the court dismissed this indictment without prejudice based on a violation of the Interstate Agreement on Detainers (IAD). *See* Case No. 1:08CR00025-6.

On September 24, 2008, a grand jury returned a second indictment charging King with conspiring to possess with intent to distribute and to distribute 50 grams or more of crack cocaine. He pleaded not guilty and was tried and convicted before a jury on May 26-29, 2009 of the lesser included offense of conspiring to possess with intent to distribute less than 50 grams but at least 5 grams of crack cocaine. I sentenced King on October 19, 2009 to 180 months imprisonment. King noticed an appeal on October 27, 2009, and the United States Court of Appeals for the Fourth Circuit has appointed trial counsel to represent King for the appeal, which is currently pending.

The well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending. *Bowen v. Johnston*, 306 U.S. 19, 26-27 (1939); *United States v. Gordon,* 634 F.2d 639 (1st Cir.1980); *United States v. Davis*, 604 F.2d 474, 484 (7th Cir.1979); *United States v. Taylor,* 648 F.2d 565, 572 (9th Cir. 1981). King's § 2255 Motion fails to present extraordinary circumstances compelling this court to address his Motion during the pendency of his direct appeal. Moreover, dismissal of this premature § 2255 Motion without prejudice will not prevent King from pursuing relief under § 2255 after appeal proceedings are completed. *Villaneuva v. United States*, 346 F.3d 55, 60 ( 2d Cir. 2003) (finding that prior § 2255 motion dismissed as premature does not trigger successive petition bar).

For these reasons, I will dismiss the § 2255 motion without prejudice as premature.

A separate Final Order will be entered herewith.

ENTER: March 25, 2010.

/s/ James P. Jones
Chief United States District Judge