# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 1:08CR00041 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CHARLES JERMAINE KING,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia for United States; Charles Jermaine King, Pro Se Defendant.*

The defendant, Charles Jermaine King, a federal inmate sentenced by this court, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The United States has filed a Motion to Dismiss and the issues have been fully briefed. After reviewing the record and considering the arguments of the parties, I will grant the United States' Motion to Dismiss and deny King's § 2255 motion.

I.

On September 24, 2008, King was indicted for conspiracy to possess with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). Attorney David Saliba was appointed counsel and King proceeded to jury trial, where he was found guilty.

A Presentence Report ("PSR") was created in anticipation of sentencing. It recommended that King receive an enhanced sentence because he qualified as a career offender based on prior North Carolina drug convictions. PSR ¶¶ 370, 382, 384, ECF No. 137. Because of the career offender designation, King's advisory guideline range was 360 months to life incarceration. *Id*. ¶ 407.

A sentencing hearing was held on October 19, 2009. Defense counsel argued that King's prior North Carolina drug convictions should not be considered felonies and therefore did not support his career offender designation. Sent. Hr'g Tr. 7-8, ECF No. 221. King argued for a sentence of between 37 and 51 months. Sent. Mem. 8, ECF No. 130. I denied defense counsel's objections, and adopted the PSR. Sent. Hr'g Tr. 33, ECF No. 221. However, I sentenced King below the advisory guideline range to 180 months incarceration, because he had a relatively minor role in the conspiracy and his convictions used to support his career offender status had occurred long ago. *Id*. at 39-40; J. 2, ECF No. 135. King appealed, but the Fourth Circuit affirmed his conviction and sentence. *United States v. King*, 443 F. App'x 775 (4th Cir. 2011) (unpublished).

King filed a § 2255 petition on August 20, 2012, arguing, among other things, that defense counsel had provided ineffective assistance by failing to file a petition for rehearing en banc to the Fourth Circuit or a writ of certiorari with the Supreme Court. I concluded that King had established that his counsel had failed

to continue to appeal after King requested that he do so. Op. 46, ECF No. 232. However, because King had no constitutional right to counsel in pursuing certiorari review, I denied his § 2255 motion. Order ¶ 2, ECF No. 233. Nonetheless, because King was denied an opportunity to petition for a writ of certiorari, I noted that he "may choose to seek relief in the court of appeals in the form of a petition to recall the court's mandate and reenter its judgment in order to allow him a delayed petition for certiorari." *Id.* at ¶ 1. King appealed the denial of the § 2255 motion, but the Fourth Circuit affirmed. *United States v. King*, 585 F. App'x 170 (4th Cir. 2014) (unpublished). King also filed a motion to recall the mandate, which the Fourth Circuit granted. Order, *United States v. King*, No. 09-5004 (4th Cir. Nov. 13, 2014), ECF No. 241. Attorney Paul Beer was appointed counsel for the reinstated direct appeal. He filed on King's behalf a petition for rehearing en banc, which was denied, Order, *United States v. King,* No. 14-6838 (4th Cir. Jan. 20, 2015), ECF No. 246, and a writ of certiorari with the Supreme Court, which was also denied, *King v. United States*, 135 S. Ct. 2817 (2015).

King filed his current § 2255 motion raising the following claims: (1) Beers, as appellate counsel, was ineffective for failing to argue to the Fourth Circuit in the petition for rehearing en banc, that trial attorney David Saliba was ineffective; (2) he was erroneously sentenced as a career offender; and (3) he was erroneously sentenced because he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)

and United States Sentencing Guidelines Manual ("USSG") Amendments 782 and 798.

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). King bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

*A. Ineffective Assistance of Counsel.*

King argues that Beers was ineffective for failing to argue that trial counsel Saliba was ineffective in his representation of King. Specifically, King argues that in the reinstated appeal, Beers should have provided evidence that Saliba failed to file a petition for rehearing or a writ of certiorari and made "misrepresentations amongst other inept actions." Mot. to Vacate 5, ECF No. 255. This claim is unavailing.

In the reinstated appeal, Beers argued that King should not have been considered a career offender because his prior drug convictions were not felonies under North Carolina law. He did not raise ineffective assistance of trial counsel

claims, nor was it appropriate to do so. Beers was appointed to facilitate King's direct appeal. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal unless the record "conclusively demonstrates" evidence of deficient representation. *United States v. Ford*, 88 F.3d 1350, 1363 (4th Cir. 1996). There was no such evidence.

Moreover, King raised claims of ineffective assistance of counsel against Saliba in his first § 2255 motion in which he argued that Saliba failed to investigate his case, call witnesses, object to trial and sentencing error, and pursue his appeal. I extensively addressed all of these claims. Ultimately, I concluded that King could not establish an ineffective assistance of counsel claim warranting relief under § 2255, but noted that King could petition the Fourth Circuit to recall the mandate in his case as it appeared that Saliba had failed to pursue a further appeal when asked. King cannot relitigate issues that have already been decided. *See United States v. Roane,* 378 F.3d 382, 396 n. 7 (4th Cir. 2004) (noting that because there was not any change in the law warranting reconsideration of claims that were "already addressed and rejected," the district court correctly held that the defendants "cannot relitigate these issues" in a § 2255 motion). Accordingly, King has failed to establish either that Beers provided ineffective assistance or that he was prejudiced by Beers' conduct. *Strickland v. Washington*, 466 U.S. 668, 687 (4th Cir. 1984).

B. *United States v. Simmons* Claim.

King also argues that I erred by sentencing him as a career offender. At the time that I sentenced King, he had prior North Carolina drug convictions that were felony offenses pursuant to *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005). Saliba argued, at sentencing, that King's prior drug convictions should not be considered predicate offenses; however, Saliba failed to raise the issue on appeal. Following King's appeal, the Fourth Circuit decided *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), limiting the types of North Carolina drug convictions that can be used as predicate offenses for career offender purposes.

King argued in his first § 2255 motion that he should not have been sentenced as a career offender, and that Saliba provided ineffective assistance for failing to raise the issue on appeal. It is true that had King been sentenced after *Simmons*, he would not have qualified as a career offender. However, I concluded that King could not establish that counsel provided ineffective assistance by failing to raise the issue on appeal, because the Fourth Circuit had not yet decided *Simmons*. The Fourth Circuit affirmed my dismissal of King's first § 2255 motion, and the Supreme Court declined to grant certiorari. Accordingly, King cannot relitigate this issue in a second § 2255 motion. *Roane,* 378 F.3d at 396 n.7.

Moreover, after the Fourth Circuit affirmed the dismissal of King's first § 2255, it decided *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015). In *Foote*, the court concluded that a defendant was not entitled to relief in a § 2255 motion when arguing that his prior predicate offenses for North Carolina drug convictions could no longer support his career offender sentence following *Simmons*, because such an error did not rise to the level of a miscarriage of justice. *Id*. at 943. Accordingly, King is not entitled to relief on this claim.

*C. Sentencing Guidelines Arguments.*

King argues that I erroneously adopted the PSR, which provided for a base offense level based on King's career offender enhancement instead of the drug weight for which he was deemed responsible. As a result, King was not eligible for a reduction in his base offense level based on Amendment 782 to USSG § 2D1.1. This argument is without merit.

As explained above, at the time of sentencing, I properly determined that King was a career offender. Accordingly, he is not eligible for an Amendment 782 reduction. *See United States v. France*, 637 F. App'x 733, 734 (4th Cir. 2016) (unpublished) (holding that a district court lacks the authority to grant a 782 Amendment reduction if the defendant was sentenced pursuant to the career offender guideline).

King also argues that I erred by sentencing him without departing downward from his sentencing guideline range based on a minor role reduction pursuant to Amendment 798 to USSG § 3B1.2. This claim, too, is without merit. A defendant must request a modification to his sentence based on a change in the Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c). However, King is not entitled to relief, even if he had properly made the request under § 3582(c). King was sentenced in 2009, well before Amendment 798 took effect in 2015, and the Amendment is not retroactively applicable on collateral review. *See* USSG § 1B1.10 (listing all Guidelines amendments that the Sentencing Commission has made retroactively applicable to defendants on collateral review; Amendment 794 is not listed). Moreover, I decided to downwardly depart significantly from King's guidelines range based, in part, on King's relatively minor role in the conspiracy.

III.

For these reasons, I will GRANT the United States' Motion to Dismiss and DISMISS the Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255. A separate order will be entered this day.

DATED: September 26, 2017

/s/ James P. Jones
United States District Judge