# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 1:08CR00041 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CHARLES JERMAINE KING,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia for United States; Charles Jermaine King, Pro Se Defendant.*

Defendant Charles Jermaine King, a federal inmate proceeding pro se, has filed a motion for reconsideration of my decision dismissing his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Rule 60(b) of the Federal Rules of Civil Procedure provides several grounds upon which a party may seek relief from a final judgment, order or proceeding. Those grounds include: mistake, newly discovered evidence, fraud, a void judgment, a satisfied judgment, or any other reason that may justify relief. Fed. R. Civ. P. 60(b)(1)-(6). However, in cases that have proceeded under 28 U.S.C. § 2255, the district court "must examine the Rule 60(b) motions . . . to determine whether such [a] motion[] [is] tantamount to [a] successive application[]." *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). If the petitioner is attempting to again attack his underlying conviction or sentence, then the motion for reconsideration "will usually amount to a successive application." *Id.*

Here, King attempts to challenge his sentence by raising the same grounds for relief as he did in his original § 2255. Specifically, he argues that he should not have been classified as a career offender and that he received ineffective assistance because appellate counsel failed to argue that King's previous counsel was ineffective. Therefore, his motion for reconsideration is, in fact, a second or subsequent motion under 28 U.S.C. § 2255(h). *Id.*

A court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that a claim in the motion meets certain criteria. *See* 28 U.S.C. § 2255(h). As King has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, I am without jurisdiction to consider it. *Winestock*, 340 F.3d at 208-09.

A separate Order will be entered.

DATED: November 15, 2017

/s/ James P. Jones
United States District Judge