# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 1:08CR00041 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CHARLES JERMAINE KING,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Charles Jermaine King, Pro Se Defendant.*

The defendant, Charles Jermaine King, a federal inmate sentenced by this court, has filed a Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(2). The motion will be denied.

I.

On September 24, 2008, King was indicted for conspiracy to possess with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). King proceeded to jury trial with his codefendants, where he was found guilty.

A Presentence Report ("PSR") was created in anticipation of sentencing. It recommended that King receive an enhanced sentence because he qualified as a career offender based on prior North Carolina drug convictions. PSR ¶¶ 370, 382,

384, ECF No. 137. Because of the career offender designation, King's advisory guideline range was 360 months to life incarceration. *Id*. ¶ 407.

A sentencing hearing was held on October 19, 2009. I sentenced King to 180 months incarceration as a variance below the advisory guideline range, on the ground that he had lesser culpability in the conspiracy and because the convictions used to support his career offender status had occurred well in his past. Hr'g Tr. 39–40, ECF No. 221. King appealed his conviction, but the Fourth Circuit affirmed. *United States v. Morton*, 443 F. App'x 775, 781 (4th Cir. 2011) (unpublished), *cert. denied*, 568 U.S. 863 (2012).

King filed a § 2255 petition on August 20, 2012, which was denied. *United States v. King*, No. 1:08CR00041, 2014 WL 1906695 (W.D. Va. May 13, 2014). King appealed the denial of the § 2255 motion, but the Fourth Circuit dismissed the appeal. *United States v. King*, 585 F. App'x 170 (4th Cir. 2014) (unpublished), *cert. denied*, 135 S. Ct. 2817 (2015). King thereafter filed another motion under § 2255, alleging, among other things, that he had been erroneously sentenced as a career offender based upon the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).[1] I held that this claim had been defaulted. *United States v. King,* No. 1:08CR00041, 2017 WL 4253753, at *3

---

[1] The United States did not oppose King's motion as successive. *See United States v. May,* 855 F.3d 271, 274 (4th Cir. 2017).

(W.D. Va. Sept. 26, 2017), *appeal dismissed*, 722 F. App'x 323 (4th Cir. 2018) (unpublished).

II.

In seeking a reduction of his sentence under § 3582(c)(2), King relies upon Amendments 750 and 782 to the U.S. Sentencing Guidelines Manual ("USSG"). Amendment 750, effective November 1, 2010, lowered the base offense levels for crack cocaine offenses. Amendment 782, effective November 1, 2014, lowered the base offense levels for other drug crimes. These amendments were made retroactive by the Sentencing Commission. USSG § 1B1.10(d) (2018). However, a defendant whose base offense level was calculated under the career offender guideline is not eligible for reduction under these amendments. *United States v. Foster*, No. 1:09-cr-00013-MR-DLH-8, 2017 WL 9480306, at *1 (W.D.N.C. July 7, 2017) ("Because the Defendant's Guideline range was determined by his status as a career offender . . . Amendment 750 is not applicable to his sentence."); *United States v. Dean*, 699 F. App'x 173 (4th Cir. 2017) (unpublished) ("[W]e conclude that Dean is not entitled to relief because he was sentenced as a career offender, and the career offender Guideline was not impacted by Amendment 782.")

King argues that the court should revisit his status as a career offender. Not only has the court previously ruled that this argument has been defaulted, but the

court is not permitted under § 3582(c)(2) to change guideline determinations made at sentencing other than those made retroactive by the Sentencing Commission. *See Dillon v. United States*, 560 U.S. 817, 831 (2010) (holding that § 3582(c)(2) does not permit correction of mistakes in original sentence and the court must "'leave all other guideline application decisions unaffected,'" quoting USSG § 1B1.10(b)(1).)

III.

For these reasons, the Motion for Reduction in Sentence, EFC No. 298, is DENIED.

ENTER: January 7, 2019

/s/ James P. Jones
United States District Judge