# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:08CR00041 |
| v. | ) | **OPINION AND ORDER** |
| **CHARLES JERMAINE KING,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed a motion to reduce sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant eligible for relief, and I will grant the motion.

I.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing certain threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280

grams of cocaine base, rather than at least 50 grams, to trigger the 10-years-to-life penalty range of 21 U.S.C. § 841(b)(1)(A) and at least 28 grams of cocaine base, rather than at least five grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). For cocaine base of less than 28 grams, the statutory penalty of not more than 20 years, 21 U.S.C. § 841(b)(1)(C), was not changed.

If the government gives appropriate notice prior to sentencing pursuant to 21 U.S.C. § 851, and the defendant is found to have been previously convicted of one or more certain types of drug crimes, the minimum and maximum terms of imprisonment and minimum terms of supervised release are increased. 21 U.S.C. § 841(b)(1)(A), (B), (C). The 2018 FSA did not change the increase under § 841(b)(1)(B) for at least 28 grams of cocaine base of 10-years-to-life and a minimum of eight years supervised release or the increase under § 841(b)(1)(C) for less than five grams of cocaine base of 30 years maximum imprisonment and six years supervised release.

The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b).

While a defendant whose crack cocaine drug crime was committed before August 3, 2010, may be eligible for reduction in sentence, 2018 FSA § 404(a), the

Act provides that the court is not required to reduce any sentence, *id.* at § 404(c). Thus, the court must first consider whether the defendant is eligible for a reduction in sentence. Second, if the defendant is eligible for reduction, the court must determine whether, and to what extent, a reduction is warranted. *Cf. Dillon v. United States*, 560 U.S. 817, 827 (2010) (setting forth procedures for modifying sentences under retroactive guideline amendments). If eligible, a plenary resentencing is not appropriate, since the statute only authorizes the court to impose a "reduced sentence." 2018 FSA § 404(b).

## II.

The defendant was indicted in this court on September 24, 2008, and charged with conspiring to possess with the intent to distribute and to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The United States filed an Information to establish the defendant's prior drug convictions pursuant to 21 U.S.C. § 851.

After a four-day trial, the jury found the defendant guilty, and in addition found that there should be attributed to him at least five but less than 50 grams of cocaine base. Verdict, ECF No. 104. Nevertheless, according to the Presentence Investigation Report ("PSR") prepared by a probation officer in preparation for sentencing, the defendant was accountable for 419.8 grams of cocaine base. He was also determined to be a career offender, and his guideline range was enhanced

in accordance with U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1, based on prior North Carolina drug convictions. The PSR recommended a total offense level of 37 and a criminal history category of VI, yielding an advisory guideline range of 360 months to life imprisonment.

A sentencing hearing was held on October 19, 2009. I adopted the scoring recommendation of the PSR that King was a career offender and for that reason deemed it unnecessary to determine the defendant's objection as to the quantity of drugs attributed to him by the PSR. Sent. Hr'g Tr. 33, ECF No. 221. In sentencing King, I varied below the advisory guideline range to 180 months incarceration, on the grounds that King had a relatively minor role in the conspiracy and that the convictions used to support his career offender status had occurred a lengthy time in the past. *Id*. at 39-40. I also imposed a term of eight years of supervision after his release. King and a coconspirator appealed, but the Fourth Circuit affirmed King's conviction and sentence. *United States v. Morton*, 443 F. App'x 775, 780 (4th Cir. 2011) (unpublished).[1]

---

[1] King was originally indicted with 49 other defendants in connection with a single drug trafficking conspiracy, but he was dismissed from that indictment without prejudice because of a violation of the Interstate Agreement on Detainers. Order, Sept. 12, 2008, 1:08CR00024-6, ECF No. 756, *appeal dismissed*, No. 08-4930 (4th Cir. June 9, 2009). He was reindicted in the present case with the same conspiracy charge. King was tried together with two defendants from the original indictment. *See* Fed. R. Crim. P. 13 (providing for joint trial of separate cases).

King then filed a § 2255 motion, arguing, among other things, that defense counsel had provided ineffective assistance by failing to file a petition for rehearing en banc to the Fourth Circuit or a writ of certiorari with the Supreme Court. I concluded that King had established that his counsel had failed to continue to appeal after King requested that he do so. Op. 46, ECF No. 232. However, because King had no constitutional right to counsel in pursuing certiorari review, I denied his § 2255 motion. Order ¶ 2, ECF No. 233. Nonetheless, because King was denied an opportunity to petition for a writ of certiorari, I noted that he "may choose to seek relief in the court of appeals in the form of a petition to recall the court's mandate and reenter its judgment in order to allow him a delayed petition for certiorari." *Id.* at ¶ 1. King appealed the denial of the § 2255 motion, but the Fourth Circuit affirmed. *United States v. King*, 585 F. App'x 170 (4th Cir. 2014) (unpublished). King also filed a motion to recall the mandate, which the Fourth Circuit granted. Order, No. 09-5004 (4th Cir. Nov. 13, 2014). Another attorney was appointed counsel for the reinstated direct appeal. He filed on King's behalf a petition for rehearing en banc, which was denied, Order, No. 14-6838 (4th Cir. Jan. 20, 2015), and sought certiorari from the Supreme Court, which was also denied, *King v. United States*, 135 S. Ct. 2817 (2015).

King thereafter filed another motion under § 2255, alleging, among other things, that he had been erroneously sentenced as a career offender based upon the

Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). I held that this claim had been defaulted. *United States v. King,* No. 1:08CR00041, 2017 WL 4253753, at *3 (W.D. Va. Sept. 26, 2017), *appeal dismissed*, 722 F. App'x 323 (4th Cir. 2018) (unpublished), *cert. denied*, 139 S. Ct. 1217 (2019).

In 2018, King filed a motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). He relied upon USSG amendments 750 and 782, made retroactive by the Sentencing Commission. Because he had been designed as a career offender, and thus was ineligible for relief under those amendments, his motion was denied. *United States v. King*, No. 1:08CR00041, 2019 WL 117816, at *1–2 (W.D. Va. Jan. 7, 2019).

The Bureau of Prisons calculates King's current projected release date to be December 30, 2020. The Probation Office of this court estimates that he has served approximately 136 months of his sentence.

### III.

The United States argues that the defendant is ineligible for a reduction in sentence in light of the drug weight attributed to him at sentencing. The United States contends that because the offense involved 419.8 grams of cocaine base, as established in the PSR, it involved a drug quantity over the revised threshold of 28 grams established in the 2010 FSA. The government argues that King was thus

properly sentenced to 180 months — within the statutory range of 10 years to life under §§ 841(b)(1)(B) and 851. The government contends that the court may rely on the drug weight found in the PSR, despite the principles announced in *Alleyne v. United States*, 570 U.S. 99 (2013), and *Appendi v. New Jersey*, 530 U.S. 466 (2000), because it has been held that these principles are not applicable retroactively on collateral review. King contends that the principles announced in *Alleyne* and *Appendi*, even if held not to be retroactive when seeking collateral relief, are applicable here because § 404(b) is "a new statutory remedy that Congress expressly made retroactive." Reply 4, ECF No. 319.

Pursuant to § 404, a defendant is eligible for reduction if he was convicted of a "covered offense" before the effective date of the 2010 FSA and is not otherwise excluded by the limitations of § 404(c).[2] King was convicted of a covered offense since he was convicted pre-2010 FSA of "a violation of a Federal criminal statute, the statutory penalties for which were modified by [the 2010 FSA]." § 404(a). None of the exclusions of § 404(c) apply to him. Under the 2018 FSA, the

---

[2] Section 404(c) provides as follows:

LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

quantity of drugs involved in the conviction are not a condition of eligibility, whether such quantity was charged in the indictment, found by a jury, admitted by the defendant, or determined in a presentence investigation report. *See United States v. Boulding,* No. 1:08-cr-65-01, 2019 WL 2135494, at *6 (W.D. Mich. May 16, 2019).

However, there is another condition relating to any sentence reduction under the 2018 FSA. The reduction must be "*as if* sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 2018 FSA § 404(b) (emphasis added). As the parties have recognized, determining the sentence that King would have received if sections 2 and 3 of the 2010 FSA were in effect turns on whether I rely on the drug weight attributed to him in the PSR or on the weight charged in the Indictment. I join many other district judges in finding that I cannot rely on the drug weight found in the PSR in light of *Apprendi* and *Alleyne*. S*ee, e.g.*, *United States v. Smith*, No. 7:04-CR-0072-4, 2019 WL 2092581 (W.D. Va. May 13, 2019).

The government is correct that neither *Apprendi* nor *Alleyne* are retroactive on collateral review. *See United States v. Stewart*, 540 F. App'x 171, 172, at n* (4th Cir. 2013) (unpublished) (noting that *Alleyne* has not been made retroactive on collateral review); *United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001)

(finding that *Apprendi* is not retroactive on collateral review under the rule set out in *Teague v. Lane*, 489 U.S. 288 (1989)). However, that does not end the analysis. Although a sentence reduction is a form of collateral review, *see Wall v. Kholi*, 562 U.S. 545, 551 (2011), it is not the case that nonretroactivity principles necessarily apply in sentence reductions. Instead, in *Danforth v. Minnesota*, the Supreme Court stated that the rule established in *Teague*, by which courts determine whether new constitutional rules of criminal procedure will apply to cases that have become final before the new rule was announced, "was meant to apply only to federal courts considering habeas corpus petitions challenging state-court criminal convictions." 552 U.S. 264, 279 (2008). Thus, a determination under *Teague* that a rule is not retroactive on collateral review "speaks only to the context of federal habeas." *Id.* at 281.

Determining whether new constitutional rules apply in the context of sentence reductions when the initial sentence became final before the new rule was announced is an inquiry distinct from that set out in *Teague*. *United States v. Fanfan*, 558 F.3d 105, 108 (1st Cir. 2009). In *Fanfan*, the First Circuit considered 18 U.S.C. § 3582(c)(2), which permits reduction of a sentence of imprisonment where the Sentencing Commission has lowered an advisory sentencing range, provided the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. The court held that determining whether new

rules apply to sentence reductions under § 3582(c)(2) "is analytically distinct from the question of retroactivity" set out in *Teague*. *Id*. The Supreme Court's reasoning in *Dillon* supports this approach. In *Dillon*, the Court held that the new rule established in *United States v. Booker*, 543 U.S. 220 (2005) — that treating the Sentencing Guidelines as mandatory violated a defendant's Sixth Amendment right to be tried by a jury and have every element of an offense proved by the government beyond a reasonable doubt — does not apply in sentence reductions under § 3582(c)(2). *Dillon*, 560 U.S. at 828–830. In so holding, the Court did not apply *Teague's* retroactivity rule; rather, it considered the text and scope of § 3582(c)(2). *Id.* at 826.

Although sentence reductions pursuant to the 2018 FSA are based on 18 U.S.C. § 3582(c)(1)(B), providing that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute," the Court's analysis in *Dillon* of whether *Booker* applies to sentence reductions under § 3528(c)(2) is nonetheless instructive in this case. In *Dillon*, the Court held that "proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt." 560 U.S. at 828. The Court reasoned that this right is not implicated because § 3582(c)(2) confines the extent of the sentence reductions it authorizes — it requires the court to take the defendant's original sentence as a given and reduce it by substituting only the

Sentencing Guidelines amendment that gave rise to the reduction proceeding. *Id.* at 827–28. The Court found that "[t]aking the original sentence as given, any facts found by a judge at a § 3582(c)(2) proceeding do not serve to increase the prescribed range of punishment; instead, they affect only the judge's exercise of discretion within that range," which is permissible under *Apprendi*. *Id.* at 828–29; *see also Fanfan*, 558 F.3d at 110 ("Given the narrow scope of sentence modification proceedings, there is no concern that a district court in such a proceeding will make factual findings that in turn will raise a defendant's sentence beyond the level justified by the facts established by a plea of guilty or a jury verdict.") (internal quotation marks and citations omitted).

The same is not true for sentence reductions pursuant to the 2018 FSA. Section 3582(c)(1)(B) does not establish procedures like those in § 3582(c)(2) that narrow the scope of the sentence reduction. Instead, because statutory minimum and maximum sentences under the 2010 FSA are keyed to drug weight, it is that fact that confines the extent of any sentence reduction in the first instance. Thus, relying on the drug weight attributed to defendants in their PSRs, rather than that charged in the indictment and found by the jury, affects more than the judge's discretion within a prescribed statutory range — it determines the prescribed range. Therefore, it triggers the collective requirement of *Apprendi* and *Alleyne* that facts

-11-

that increase the penalty for a crime beyond the prescribed statutory maximums and minimums be charged and found by the jury.

While the jury in King's case found a drug quantity range attributable to him, it is not consistent with the new quantity range as it applies to King's original sentence. The jury found that the drug quantity for King was more than five grams but not greater than 50 grams. With a prior felony drug conviction, that produced a statutory range of 10 years to life, with 10 years of supervised release. The new quantity range for that same sentencing range is "28 grams or more." § 841(b)(1)(B).

For all of these reasons, I find that King is eligible under § 404 of the 2018 FSA. King's new statutory sentencing range, applying the § 851 prior conviction enhancement, is up to 30 years imprisonment and at least six years supervised release. 21 U.S.C. § 841(b)(1)(C). Adjusting the career offender offense level for this new statutory maximum, USSG § 4B1.1(b), I find that King has a total offense level of 34, with a criminal history of VI, which translates into an advisory imprisonment range of 262 to 327 months.

## IV.

King seeks a reduced sentence of 120 months imprisonment or time served. However, the government argues that a reduction below King's present sentence of 180 months is not warranted because it is already below the guideline range.

Moreover, his current sentence is within the guideline range that would result if the court departed from the career offender range, as it did at King's original sentencing.[3]

Because King is eligible for sentence reduction, and in accord with 18 U.S.C. § 3553(a), I should consider King's offense conduct, as well as any post-conviction rehabilitation or lack thereof, in determining whether or not to reduce a sentence and the extent of any such reduction. *See Pepper v. United States*, 562 U.S. 476, 480 (2011) (noting that it is "highly relevant — if not essential — to the selection of an appropriate sentence [to possess] the fullest information possible concerning the defendant's life and characteristics") (alterations and citation omitted).

I have carefully reviewed King's PSR, which includes his criminal history and his offense conduct. I have also considered the reports of his behavior while in federal prison.

King is now 42 years old. He has a lengthy criminal history beginning as a teenager, mainly involving drug offenses. While his participation in the drug conspiracy that resulted in his present sentence was not as extensive as others, the

---

[3] The government points out that even disregarding King's career offender guideline in total, but accepting the PSR's calculation of the drug weight, his guideline range would be 151 to 188 months, based upon a total offense level of 30 and a criminal history category of V, and taking into account all retroactive guideline reductions since his sentencing.

conspiracy itself was extensive and long running.[4] King's history in prison indicates that he has undertaken numerous educational courses and has a very limited disciplinary record. He was worked in prison industries as a sewing machine operator and a manager has written a letter on his behalf, describing him as "a real asset to our program," as well as "dependable" with "excellent communication skills." Overton Letter, ECF No. 310.

King's original sentence constituted a large variance from his guideline range and is still below the revised range after taking into account the 2018 FSA. Nevertheless, based on his satisfactory history in prison, and his obvious efforts to better himself, I find it appropriate to reduce his term of imprisonment to time served.

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion to Reduce Sentence, ECF No. 303, is GRANTED;

2. Defendant Charles Jermaine King's sentence is reduced to TIME SERVED;

3. Upon release from imprisonment, the defendant must serve a term of supervised release of six years;

4. The sentencing judgment in this case otherwise remains the same;

---

[4] A general description of the conspiracy and its scope is found in *United States v. Stallworth,* 466 F. App'x 218, 220–22 (4th Cir. 2012) (unpublished).

5.  This Order reducing sentenced is STAYED for 10 days in order to allow the processing of the defendant's release; and

6.  The Probation Office shall provide a copy of this Opinion and Order to the Bureau of Prisons forthwith.

ENTER:  August 7, 2019

/s/ *James P. Jones*
United States District Judge